PAUL L. REIN, ESQ. (State Bar No. 43053)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:(510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, ESQ. (SBN 148372)
CELIA L. McGUINNESS, ESQ. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
Tel. (510) 987-8778
Fax (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiffs
ODIS MARTIN and LORETHA MARTIN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN AND LORETHA MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE HOSPITALITY, LLC dba CLARION HOTEL CONCORD; CHOICE HOTELS INTERNATIONAL, INC.; LEISURE HOTEL GROUP, LLC; and DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No. 4:16-cv-00776-HSG<br><br>Civil Rights<br><br>**COURT ENFORCEABLE SETTLEMENT AGREEMENT AND LIMITED RELEASE BETWEEN PLAINTIFFS AND DEFENDANTS**<br><br>Action Filed: February 16, 2016 |

1. The Plaintiffs ODIS MARTIN and LORETHA MARTIN ("Plaintiffs") filed this action to enforce provisions of the Americans with Disabilities Act ("ADA") against Defendants SERVICE HOSPITALITY, LLC dba CLARION HOTEL CONCORD ("Clarion'); CHOICE HOTELS INTERNATIONAL, INC. ("CHI") and LEISURE HOTEL GROUP, LLC ("LHI")

(collectively referred to as "Defendants") in the United States District Court for the Northern District of California on February 16, 2016 alleging violations of the Americans with Disabilities Act and various companion state laws. Plaintiffs and Defendants are individually referred to as a "Party" and collectively referred to as "the Parties."

2. Plaintiffs alleges that each Defendant named herein either owns, manages, or has entered into and maintains franchise license agreements with a certain hotel and surrounding amenities located in Concord, California at 1050 Burnett Avenue, Concord, California (hereinafter "the Hotel") which is within this judicial district.

3. The Complaint filed in this lawsuit alleges numerous violations of the ADA, the Unruh Act, and the Disabled Persons Act.

4. Without agreeing to the truth of any of Plaintiffs' allegations as set forth above or in the operative pleading in this matter, which allegations Defendants expressly deny, Plaintiffs and Defendants agree that it is in the Parties' best interests, and Plaintiffs believe it is in the public interest, to fully and finally resolve this matter on mutually agreeable terms without resort to protracted litigation. Therefore, Plaintiffs and Defendants hereby agree and stipulate to the following Court Enforceable Settlement Agreement And Limited Release ("Agreement"), which the Court will retain jurisdiction to enforce for six (6) months after Defendants notify Plaintiffs' counsel that the remedial work defined below has been completed.

NOW IT IS HEREBY AGREED AND ORDERED as follows:

**JURISDICTION AND VENUE**

5. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. §1391.

**ACCESS AND PROGRAMMATIC BARRIER REMOVAL**

6. Within twelve (12) months after the entry of this Agreement, Defendant Clarion will implement each and every alteration and modification at the Hotel that are necessary to fully comply with the remediation matrix attached hereto as Exhibit B ("Barrier Removal Matrix").

The Parties agree that any delays in performing the Barrier Removal work caused by third-parties or circumstances not in Defendants' control, including but not limited to contractors, delays in obtaining materials, city building officials, inspectors, permitting departments or acts of God, will not be deemed to violate the deadline required for completion of such work as long as said Defendant makes a good faith effort to complete implementation as soon as reasonably possible thereafter. The time for performance provided for herein will be extended on a day-for-day basis for each day performance is delayed due to reasons beyond a Defendant's reasonable control.

7. In performing the alterations and modifications, Defendant Clarion will comply with existing ADAAG, Title 24 and local building code requirements then in effect. To the extent that the Barrier Removal Matrix calls for a change in policies, programs and procedures, such shall be implemented according to the agreement as contained in the Barrier Removal Matrix.

### RESOLUTION OF PLAINTIFFS' CLAIMED DAMAGES

8. <u>Defendants shall pay to Plaintiffs the total sum of $36,000 in payment of all claims for damages, including statutory, actual and treble within 30 days of the entry of this Consent Decree. Said payment shall be made in a single check payable to Law Offices of Paul L. Rein Trust Account and delivered to counsel's office located at 200 Lakeside Drive, Oakland CA.</u>

9. The parties have not settled and continue to dispute the amount of attorneys' fees, costs and litigation expenses due to Plaintiffs' counsel of record. Such dispute shall either be resolved by separate written agreement or by motion to the Court within fourteen (14) days of the entry of this Consent Decree.

### RELEASE OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AND DAMAGES

In consideration for the terms, covenants, conditions and promises contained within this Agreement, and other valuable consideration, the receipt and sufficiency of which the Parties expressly acknowledge, Plaintiffs, and those acting on their behalf (including attorneys, heirs, beneficiaries, executors, trustees, administrators, representatives, consultants, contractors, successors, agents and assigns), shall forever release Defendants from any and all Claims, as defined below.

The term Claims as used anywhere in this Agreement shall refer to any and all claims for injunctive relief or damages – actual, statutory or treble - occurring or for causes of action existing now or at any time prior to the signing of this Agreement, including without limitation, the claims related to injunctive relief and damages contained within the filed Complaint in this lawsuit, claims for injunctive relief or damages for any acts or omissions, currently known or unknown, foreseeable or unforeseeable, alleged, or which could have been alleged by Plaintiffs, in this or any court or administrative or governmental proceeding, related to the Hotel, including, but not limited to, claims for accessibility violations under the ADA or California law, claims of any nature relating to the Hotel or claims regarding its policies, practices and procedures, (collectively "Claims").

10. Plaintiffs expressly waive the rights provided under California Civil Code Section 1542 as to Defendants with respect to Plaintiffs' claims for injunctive relief, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

Plaintiffs' counsel has explained the significance and consequences of a California Civil Code Section 1542 waiver to Plaintiffs, and Plaintiffs understand the same and assume full responsibility for, and risk of, any damages or losses caused by this waiver.

## DISPUTES AND SPECIFIC ENFORCEMENT OF THE AGREEMENT

11. Within six (6) months after the original remediation period expires, Plaintiffs, at their sole cost and expense, may review compliance with this Agreement upon written notice to Defendant's counsel, Martin H. Orlick, Esq., and may commence the meet and confer process below if they have a good-faith belief that this Agreement or any requirement thereof has been violated. If either Plaintiff believes in good faith that this Agreement or any portion of it has been violated, Plaintiff(s) will first notify Defendants and Defendants' counsel in writing. Defendant or

- 4 -

COURT ENFORCEABLE SETTLEMENT AGREEMENT
CASE NO. 4:16-cv-00776 HSG                                                           S:\CASES\CLARION HOTEL\Pleadings\2016 03 30 Stipulation to Continue FRCP 12(f) re CHI Hotels.docx

Defendants will then have forty-five (45) days to cure any architectural violation and ninety (90) days to cure an architectural violation prior to Plaintiff(s)' instituting court action to specifically enforce this Agreement, starting from the date of Plaintiffs' written notification of any violation of this Agreement. Except as provided in the foregoing sentence, either Party shall also have the right to bring any disputes concerning the Parties' respective obligations under this Agreement to the Court after giving the opposing Parties 45 days' written notice of its intent to seek the Court's assistance in resolving the matter.

12. Failure by a Party to enforce any provision of this Agreement shall not be construed as a waiver of the right to enforce other provisions of this Agreement.

13. This Agreement does not affect Defendants' continuing responsibility to comply with all aspects of the ADA and California Access Laws.

14. This Agreement shall remain in effect until six (6) months after Defendants notify Plaintiffs' counsel that the work required under the Barrier Removal Matrix is complete.

15. This Agreement constitutes the entire agreement between the Parties. No other statement, promise, or agreement, either written or oral, made by any Party or agents of any Party, that is not contained in or contradicts this written Agreement shall be enforceable. This Agreement supersedes and completely replaces any former contract, settlement or agreement signed by the Parties regarding issues of injunctive relief or damages, including the document filed with the Court as Document # 33 in this lawsuit. This Agreement shall be binding on the Parties. In the event any named Defendant seeks to transfer or assign all or part of its ownership interest in the Hotel to an unrelated entity, and the successor or assignee intends on carrying on the same or similar use of the facility, such Defendant shall provide written notice, including the name and address of the purchaser and any legal agent, to the Plaintiffs' counsel within 30 days of such

16. If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in part, the remaining portions of this Agreement will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform such provision(s) to the

extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

17. The Parties acknowledge that their respective attorneys have reviewed and drafted this Agreement, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

18. This Agreement may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by all of the Parties, shall constitute this Agreement.

19. The individuals signing this Agreement represent that they are authorized to bind their respective Party to this Agreement.

Dated: February__, 2018

_____
Plaintiff ODIS MARTIN

Dated: February __, 2018

_____
Plaintiff LORETHA MARTIN

Dated: February __, 2018

_____
Defendant SERVICE HOSPITALITY, LLC

Dated: February __, 2018

_____
Defendant LEISURE HOTEL GROUP, LLC

Dated: February __, 2018

_____
Defendant CHOICE HOTELS INTERNATIONAL, LLC

Approved as to form:

Dated:  February __, 2018        LAW OFFICES OF PAUL L. REIN


                                 _____
                                 By:  PAUL L. REIN, Esq.
                                 Attorneys for Plaintiffs
                                 ODIS and LORETHA MARTIN

Dated:  February __, 2018        JEFFER MANGELS BUTLER & MITCHEL LLP


                                 _____
                                 By:  MARTIN ORLICK, Esq.
                                 Attorneys for Defendants
                                 SERVICE HOSPITALITY, LLC AND LEISURE
                                 HOTEL GROUP, LLC

Dated:  February __, 2018        GORDON & REES LLP


                                 _____
                                 By:  LAURA G. RYAN, Esq.
                                 Attorneys for Defendant
                                 CHOICE HOTELS INTERNATIONAL, INC.

- 7 -

COURT ENFORCEABLE SETTLEMENT AGREEMENT
CASE NO. 4:16-cv-00776 HSG                    S:\CASES\CLARION HOTEL\Pleadings\2016 03 30 Stipulation to Continue FRCP 12(f) re CHI Hotels.docx

## ORDER

The Court retains jurisdiction to enforce the terms of this Agreement, any failure to pay the money settlement and to the extent necessary to resolve the issue of attorneys' fees, costs and litigation expenses to Plaintiffs' counsel of record.

DATED this 12th day of October 2018.

*Haywood S. Gill, Jr.*
United States District Judge